(55 Misc. Rep. 442.)

### KADIN v. SAMUELS.

(Supreme Court, Special Term, New York County. July, 1907.)

SUBROGATION—COMPELLING ASSIGNMENT OF SECURITY—TENDER—SUFFICIENCY.
    Plaintiff sued to foreclose a mortgage, and the summons was duly served on the mortgagor. *Held*, that a party having an interest justifying subrogation, who has not been served, cannot, by tendering the debt, without costs, be entitled to an assignment of the bond and mortgage.

Action by Samuel Kadin against Rachel Samuels, to foreclose a mortgage. Demurrer to answer sustained.

J. Cohn, for plaintiff.
H. E. Heistad, for defendant.

BISCHOFF, J. The single question presented upon the agreed state of facts is whether a tender by the defendant, Rachel Samuels, in the sum of $1,653, to the plaintiff, was sufficient to entitle her to an assignment of the mortgage, which is sought to be foreclosed in this action. At the time the tender was made the action had already been commenced against the persons primarily liable, and, had the tender been made on the part of these persons, it would undoubtedly have been insufficient, in that it did not include the amount of costs as accrued in the action to the date of the tender. Eaton v. Wells, 82 N. Y. 576–579. The defendant, Samuels, was thereafter served with a summons, and alleged the tender, and her contention now is that at the time of the tender she was in the position of a person against whom an action had not been commenced and who thereafter had the right to insist upon such subrogation as she was entitled to, without the payment of costs.

As I view the case this position is not tenable. Assuming that this party who made the tender had a sufficient interest to support the right of subrogation, her claim was necessarily founded upon some relation in which she stood to the principal defendants, and she could assert her right to subrogation, if at all, with the incidental burdens incurred. One burden was the payment of costs, and the action having been commenced, and the costs having accrued as against the persons to whom the plaintiff was entitled to look for satisfaction of the claim, there is no principle of equity which could permit a party, whose interest is subordinate, to obtain the benefit of subrogation without being placed in the position of the necessary parties against whom the liability is primarily asserted. There should be judgment for the plaintiff for the amount due, with interest and costs.

Judgment for plaintiff.